113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvaro VEGA-ZEPEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70603.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Awy-vfz-exl.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvaro Vega-Zepeda, native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 An applicant may be entitled to asylum if he establishes he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's fact-based determinations, including whether an applicant has adequately demonstrated past or potential future persecution, under the substantial evidence standard. See Acewicz, 984 F.2d at 1061. Therefore, we must uphold the BIA's denial of asylum unless an applicant shows that the evidence he presented was so compelling that no reasonable fact-finder could deny asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 Vega-Zepeda testified that on two occasions he was conscripted by the Guatemalan army and later released when it was discovered he was underage. Vega-Zepeda claimed that during his second stint with the army, which lasted two-and-a-half to three months, he was repeatedly beaten and at some point locked up in a "dungeon" with water, but no food. Vega-Zepeda stated he did not know what motivated the military to mistreat him, but he speculated it was either his substandard performance in basic training or his father's secret membership in the military.[1]
 
 
 5
 Because Vega-Zepeda presented no evidence the army targeted him on account of his race, religion, national origin, membership in a particular social group, or political opinion, he did not establish past persecution. See Elias-Zacarias, 502 U.S. at 481-84. Moreover, the fact that Vega-Zepeda remained in Guatemala without incident for one-and-a-half years after release from the army seriously undermines his claimed fear of future persecution. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991). Accordingly, substantial evidence supports the BIA's decision to deny asylum. See Acewicz, 984 F.2d at 1061.
 
 
 6
 Because Vega-Zepeda failed to meet the lower standard for granting asylum, we affirm the BIA's denial of his request for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his asylum application, Vega-Zepeda claimed he had spoken out against the military. At his deportation hearing, he stated his application was inaccurate; he had never spoken out against the military